IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THE O.N. EQUITY SALES COMPANY,

                Plaintiff,                CV-10-1426-ST

       v.                        FINDINGS AND
                                        RECOMMENDATION

ESTATE OF MARY T. GATTUCCIO PENCE,

                  Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

On November 19, 2010, plaintiff, The O.N. Equity Sales Company ("ONESCO"), filed

this suit seeking a declaratory judgment under 28 USC §§ 2201-2202 against defendant, the

Estate of Mary T. Gattuccio Pence ("Estate").  This case arises from the alleged losses suffered

by Mary T. Gattuccio Pence ("Pence") due to theft and fraud committed by Colleen Averill

1 - FINDINGS AND RECOMMENDATION

("Averill"), a broker-dealer affiliated with ONESCO.  ONESCO sought a declaration that it has

no liability to the Estate for any alleged actions by Averill and that Averill was not acting as its

agent and/or within the scope of her agency.

The Estate had previously advised ONESCO that it would file an action in state court on

November 23, 2010, alleging various claims under Oregon law against ONESCO, as well as

against Averill and New York Life Insurance Company.  After filing that action, the Estate then

filed a motion to dismiss this action under FRCP 1 and 28 USC § 2201(a) on the basis that it had

been deprived of its chosen forum in state court.  The court granted the Estate's motion (docket

# 22) and entered a judgment dismissing this case (docket # 23).

Contending that it is the prevailing party, the Estate has now filed a Motion for Attorney

Fees in the sum of $23,397.25 (docket # 24).  For the reasons set forth below, that motion should

be denied.

## FINDINGS

The Estate seeks an award of attorney fees as the prevailing party under two Oregon

statutes and, in the alternative, based on the court's inherent equitable power to award attorney

fees.  This court rejects both grounds.

**I.**    **Oregon Law**

The Declaratory Judgment Act, 28 USC §§ 2201-2202, "'does not by itself provide

statutory authority'" to award attorney fees.  *Utica Lloyd's of Tex. v. Mitchell*, 138 F3d 208, 210

(5th Cir 1998), quoting *Mercantile Nat'l Bank at Dallas v. Bradford Trust Co.*, 850 F2d 215, 218

(5th Cir 1988).  However, in declaratory judgment actions based on diversity jurisdiction, as here,

attorney fees may be awarded "where controlling substantive law permits recovery."  *Id*, quoting

*Mercantile Nat'l Bank*, 850 F2d at 216.  *See also Public Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F3d 1508, 1520 (10th Cir 1994).

The substantive law of Oregon authorizes an award of attorney fees to the "prevailing party" which is defined as "the party who receives a favorable judgment or arbitration award on the claim."  ORS 20.077(2).  In the state court action, the Estate alleges two claims against ONESCO that allow for the recovery of attorney fees by the prevailing party:  securities fraud under ORS 59.115 and elder abuse under ORS 124.100.  The securities fraud claim permits the court to award attorney fees to the prevailing party, ORS 59.115(10), while the elder abuse claim mandates an award of attorney fees to the prevailing plaintiff.  ORS 124.100(2)(c).  In this case, ONESCO sought a declaration that it was not liable to the Estate as a result of any alleged actions by Averill.  By obtaining a dismissal of this case, even though it was not on the merits, the Estate contends that it is the prevailing party on both statutory claims and, thus, entitled to an award of attorney fees under Oregon law as the prevailing party.  The Estate is wrong.

In ruling on the Estate's motion to dismiss ONESCO's declaratory judgment, this court exercised its discretion to refuse jurisdiction over this case due to the pending state court action. The court did not address or adjudicate the merits of any of the Estate's claims against ONESCO which remain pending in state court.  The two fee-shifting provisions relied on by the Estate apply only to a party who has prevailed "under" that particular "section."  ORS 59.115(10) & 124.100(2)(c).  The Estate did not receive a "favorable judgment . . . on the claim" asserted. ORS 20.077.  Instead, this court merely declined to entertain ONESCO's declaratory judgment action in deference to the pending state court action.

3 - FINDINGS AND RECOMMENDATION

The Estate cites to several cases to support its argument that it is a prevailing party because it prevailed on its motion to dismiss before trial. However, those cases are distinguishable.

In *Cedar Lodge Ltd. v. Elliott*, 115 Or App 688, 839 F2d 757 (1992), a landlord filed a Forcible Entry and Detainer (FED) action against a tenant. At trial, the tenant appeared with her attorney and four witnesses, but the landlord was represented by its non-attorney manager with no witnesses. On its own motion, the trial court dismissed the action without prejudice, apparently to allow the landlord to be represented by counsel. After the landlord filed a second FED action based a second notice of intent to terminate and prevailed, the tenant requested attorney fees in the first FED action under ORS 90.255. The landlord argued that no fees were allowable under ORCP 54A(3) because the tenant had not voluntarily moved for dismissal and because there was no final judgment. The Oregon Court of Appeals rejected those arguments, explaining that "irrespective of who moved for dismissal, a judgment was entered and the case was terminated. . . . A judgment was submitted, plaintiff did not object and the court signed it. The case was concluded, and defendant had prevailed." *Id* at 690, 839 F2d at 758.

The Estate argues that *Cedar Lodge Ltd.* is controlling because it awarded attorney fees without first requiring an adjudication of the merits of the underlying claim. However, that case does not stand for such a broad proposition. According to Oregon law, the prevailing party in an FED action is "the party in whose favor final judgment is rendered." ORS 90.255. Under that definition, the only issue is whether a final judgment was entered, regardless of whether any decision was rendered on the merits of the claim. That is a far different definition for prevailing party than contained in ORS 20.077(2) which contemplates at least some adjudication on the

4 - FINDINGS AND RECOMMENDATION

merits of the claim.  Here the Estate won nothing but the opportunity to litigate in state, rather than federal, court.

In *Davis v. Ginther*, 161 F3d 8, 1998 WL 723856 (5th Cir 1998) (unpublished), the court affirmed the district court's award of attorney fees after it dismissed the plaintiff's declaratory judgment claim concerning interpretation of an assignment.  The dismissal was based on the express language of the assignment exclusion at issue and the applicable statute of limitations. Unlike this case, the substantive claim was adjudicated.

In *Canal Ins. Co. v. SP Transp., Inc.*, 272 Fed Appx 825, 827-28 (11th Cir 2008), the court affirmed an award of attorney's fees to an insured after dismissing as moot the insurer's declaratory judgment action relating to coverage.  The insurer had settled the underlying tort claim with the third party which allowed the insured, as the prevailing party, to an award of attorney fees under Florida law.  The court found that settling the underlying tort claim effectively amounted to a confession of judgment by the insurer on the coverage issue, thus substantively resolving the underlying claim presented in the declaratory judgment action. In contrast, the dismissal in this case is not due to settlement of the underlying claims.

Because no adjudication has yet been made in the Estate's favor on its Oregon statutory claims with the fee-shifting provisions, the Estate is not yet a prevailing party under Oregon law. However, should the Estate become the prevailing party in state court, then its award of attorney fees should include the fees incurred in this court which are comparable to fees incurred to successfully obtain a change in venue.

///

///

5 - FINDINGS AND RECOMMENDATION

II.   **Court's Inherent Authority**

As an alternative basis to award fees, the Estate relies on the court's inherent equitable

powers.  While the American Rule generally makes parties responsible for their own fees,

"federal courts have equitable power, in the absence of legislation, to award attorneys' fees in the

interest of justice."  *Brandenburger v. Thompson*, 494 F2d 885, 888 (9th Cir 1974) (citations

omitted).  One of the exceptions to the American Rule is "when a party has 'acted in bad faith,

vexatiously, wantonly, or for oppressive reasons.'"  *Chambers v. NASCO, Inc.*, 501 US 32, 45-46

(1991).  In the Ninth Circuit, attorney fees should not be awarded except in the "rare and

exceptional" case where "'the action is clearly frivolous, legally unreasonable or without legal

foundation, or brought for an improper purpose.'"  *Primus Auto. Fin. Services, Inc. v. Batarse*,

115 F3d 644, 648-50 (9th Cir 1997), quoting *Operating* F2d 1336, 1344 (9th Cir 1988).  A

contrary rule might allow for an award of fees merely because a court finds that a party's

argument lacked merit, thereby chilling "forceful and effective representation [that] often call[s]

for innovative arguments."  *Id*.

The Estate argues that the bad faith exception applies because ONESCO filed this action

just two judicial days before it knew the Estate would file a non-removable state court action in

order to further the improper purposes of harassment, delay and forum-shopping.  Because of

controlling case law barring reactive declaratory judgment actions, the Estate also characterizes

this action as frivolous and without legal foundation.

ONESCO's stated reason for filing this declaratory judgment action was clearly weak and

rejected by this court.  ONESCO could easily have waited a few days to see whether the Estate

would file a state court action as promised and, if it did not, then file this action.  Instead, it raced

6 - FINDINGS AND RECOMMENDATION

to the federal courthouse in order to claim its chosen forum.  However, the issues that ONESCO sought to litigate in this action were not frivolous, legally unreasonable or without legal foundation.  Instead, the only question was whether those issues should be adjudicated in this court and/or in the pending state court action.  Accordingly, ONESCO may be held guilty of acting in bad faith only if it filed this action for an improper purpose.

The Estate contends that ONESCO has exhibited the improper purposes of forum-shopping, delay, or harassment by taxing the Estate's lesser resources.  Although ONESCO can be faulted for forum-shopping, so can the Estate.  A mere disagreement over the proper forum does not create the "rare and exceptional" case for punishing a party with an award of attorney fees.  Although the Estate also claims that ONESCO filed this action in order to delay the process of obtaining a final adjudication on the merits, it provides no details.  To this court's knowledge, the pendency of this case did not prevent or delay the Estate from continuing to prosecute its state court action.  The Estate also complains that it was forced to expend substantial resources to defend against this unnecessary action.  However, the Estate had the choice of either seeking to dismiss this action or agreeing to resolve Averill's agency issue with ONESCO in this forum while pursuing its other claims in state court at the same time.  It choose the former option, although it failed to identify any inconvenience to litigating in this court or any danger of entanglement between the federal and state court systems.

Although ONESCO could and should have avoided a costly legal battle with the Estate by not filing this action, its conduct does not rise to the level of bad faith sufficient to support an award of attorney fees to the Estate contrary to the American Rule.

///

7 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons stated above, the Estate's Motion for Attorney Fees (docket # 24) should be DENIED.

## SCHEDULING ORDER

These Findings and Recommendation will be referred to a district judge.  Objections, if any, are due May 23, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of May, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge